THE JAMES FRAZEE MILLING COMPANY, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, December 28, 1916.

Waters and watercourses — State barge canal — interference with railroad siding constructed for convenience of mill owner — agreement with railroad company amounting only to revocable license — when State not liable.

Where the owner of mill property gave to a railroad company the privilege of laying a branch or spur track over its lands for the exclusive use of the licensor and not to be used by any other person, and the agreement did not bind the railroad company to construct said siding or to operate the same if constructed, the agreement at most constituted a mere revocable license to the railroad company to construct the switch.   Hence, where the State of New York in constructing the barge canal cut through and bisected the railroad spur so as to render it inoperative, but did not take any lands on the river bank where the licensor's mill was located, the licensor is not entitled to damages under chapter 195 of the Laws of 1908 for the interference with the use of the switch, for the railroad company was under no obligation to maintain the same, nor was the State a party to the original license.

Said statute which authorizes a special examiner to inspect lands and structures appropriated for the use of the improved canal does not authorize an award for such incidental inconvenience to landowners caused by the construction of the canal.

*It seems*, that any contract rights with the railroad which the mill owner may have had must be enforced in an action against the railroad company and not against the State.

APPEAL by the claimant, The James Frazee Milling Company, from an order and judgment of the Board of Claims, entered in the office of the clerk of said board on the 14th day of July, 1914, dismissing its claim.

*W. S. & H. H. Farmer* and *Nash, Britcher & Eckel* [*John F. Nash* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*Joseph C. Coughlin, Deputy Attorney-General,* and *Edmund H. Lewis, Deputy Attorney-General,* of counsel], for the respondent.

WOODWARD, J.:

On the 17th day of July, 1886, one James Frazee, of the village of Baldwinsville, entered into a contract in writing with the Syracuse and Baldwinsville Railroad Company, by the provisions of which Mr. Frazee, for an expressed consideration of one dollar, consented and "hereby gives the party of the second part the privilege of laying a branch of said road track across the land and premises of the said party of the first part from the main track of the party of the second part along and past the south end of the mill of said party of the first part in the village of Baldwinsville, in accordance with and at the place, line or point designated on the map or profile made by said party of the second part and filed in the office of the clerk of the county of Onondaga, said branch track to be laid as aforesaid, for the exclusive use, benefit and convenience of said party of the first part to load and unload cars in connection with the business carried on by said party of the first part at said mill and not for the use of any other person, and for no other purpose, this privilege or franchise to continue so long as the party of the first part may permit and remains unbroken." The railroad, on its part, made no promise whatever; it did not agree to construct the siding or branch, nor to operate the same if it should be constructed. It was to be for the "exclusive use, benefit and convenience" of Mr. Frazee and "not for the use of any other person." Of course, this was nothing more or less than a revocable license to the railroad company to construct a switch over the lands of Mr. Frazee.

On the fourteenth day of December in the same year the same

parties, in the same relation, entered into a second contract in writing, by the terms of which Mr. Frazee, as party of the first part, "consents and hereby gives and grants to the said party of the second part the right and privilege of building, constructing, owning and maintaining for the term of five years from the first day of January, 1887, a branch railroad track and an iron bridge across the land and premises of the party of the first part from the main track of the party of the second part along and past the south end of the flouring mill of the party of the first part in the village of Baldwinsville, in accordance with and at the place, line or point designated on the map or profile made by the party of the second part, * * * said branch track to be laid as aforesaid for the use, benefit and convenience of the said party of the first part, to load and unload cars in connection with the business carried on by the party of the first part at said mill. Said party of the second part is to have the right and privilege of placing or constructing an iron bridge on the abutments, piers or stone work placed on said line by the party of the first part."

The period of five years covered by this last agreement has, of course, expired long since, and, as in the previous agreement, the railroad company did not agree to do anything. It is upon this foundation that the claimant in this action seeks to recover from the State of New York the sum of $100,000 for alleged damages due to the construction of the barge canal in the neighborhood of the mill involved in these contracts. It seems that some time subsequent to the agreements above set forth Mr. Frazee, the owner of the mill, organized the corporation plaintiff, and it is assumed, rather than proved, that he turned over to the corporation whatever rights he may have had under these agreements, and the tracks were constructed and the Delaware, Lackawanna and Western Railroad Company succeeded to the rights of the Syracuse and Baldwinsville Railroad Company. For a number of years, the record shows that the siding, constructed under the original license, was used by the plaintiff corporation as it was designed to be used, and that it operated to the advantage of the plaintiff from the time of the construction in 1887 down to the appropriation of certain lands on the southerly side of the Seneca river for the

purposes of the barge canal in the year 1908. The mill of the plaintiff is located on the north bank of the Seneca river, and has no relation whatever to the lands taken on the southerly side for the barge canal, except that by reason of this taking of lands on the southerly side of the river the switch constructed under the original license granted by Mr. Frazee has been bisected and rendered inoperative. The plaintiff's theory is that, under the provisions of chapter 195 of the Laws of 1908, it is entitled to recover the damages which it claims to have sustained by reason of the fact that the Delaware, Lackawanna and Western Railroad Company is no longer enabled to furnish the switching or terminal facilities which the plaintiff was enjoying at the time of the appropriation by the State.

Of course, the Delaware, Lackawanna and Western Railroad Company has never agreed to furnish these terminal or switching facilities; it was under no obligation whatever to do so under either or both of the contracts in evidence, and the State of New York was in no sense a party to either of such agreements. If the Delaware, Lackawanna and Western Railroad Company had elected to discontinue this siding, or had refused to place cars or to take cars away from such private siding, the plaintiff would have had no right of action against the railroad company under either or both of these agreements. The first of the agreements was merely a revocable license, confined to Mr. Frazee personally, and in which the railroad company did not agree to do anything, while the second was, by its terms, confined to a period of five years, which elapsed years before the barge canal was authorized, and the railroad had not undertaken to furnish terminal facilities or to operate this so-called branch line, which was at most a mere private switch, for it cannot be contended that a side track, confined to the exclusive use of a single individual for a particular purpose, is in any legal sense a branch line.

Under this state of facts it must be apparent that the act of the State of New York, in appropriating lands on the opposite side of the river, which merely operated to bisect this switch, did not constitute a taking of the plaintiff's property in any respect, and that it does not come within the provisions

of chapter 195 of the Laws of 1908, nor of any of the amendments to that act. The provisions of section 2 of the chapter cited, that the Governor should appoint " a special examiner and appraiser of canal lands whose duty it shall be to visit and inspect the lands, structures and water rights, or property rights appertaining thereto, appropriated for the use of the improved canals, and for the purposes of the work and improvement authorized by chapter one hundred and forty-seven of the laws of nineteen hundred and three," etc., have no purpose of providing a scheme for the ascertaining of alleged damages such as are involved in this action; it clearly contemplates the inspection of the lands taken and the property rights in connection with such lands, with a view to providing for compensation, but it does not assume to reach out and deal with all of the incidental inconveniences which people along the general line of the canal may suffer by means of this great public work.

If the plaintiff had a contract with the railroad company which secured to it any rights it might have an action against the corporation, but it clearly has no grounds for maintaining the cause of action attempted in the present case.

The determination appealed from should be affirmed, with costs.

Determination unanimously affirmed, with costs.